*# 23336*

√K ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL - 8 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| CONTRAN CORPORATION, a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. _____ |
| THE TRAVELERS INDEMNITY COMPANY, a corporation; PHOENIX INSURANCE COMPANY, a corporation, THE CHARTER OAK FIRE INSURANCE COMPANY, a corporation; THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS, a corporation, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT f/k/a TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, a corporation; THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a corporation; TRAVELERS INDEMNITY COMPANY, a corporation, ST. PAUL TRAVELERS, n/k/a THE TRAVELERS COMPANIES, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**3-08 CV 1149 - K**

## ORIGINAL COMPLAINT

Plaintiff Contran Corporation ("Contran"), for its Original Complaint against Defendants

The Travelers Indemnity Company (ND), Phoenix Insurance Company (PHX), The Charter Oak

Fire Insurance Company (COF), The Travelers Indemnity Company of Illinois (TIL), The

Travelers Indemnity Company of Connecticut (TCT) f/k/a Travelers Indemnity Company of

Rhode Island (TRI), The Travelers Indemnity Company of America, Travelers Indemnity

Company, and St. Paul Travelers n/k/a The Travelers Companies, Inc. (collectively,

"Travelers"), hereby alleges, upon knowledge as to itself and upon information and belief as to all other matters, as follows:

## I.     NATURE OF THE CASE

1.     In this civil action Contran seeks relief against Travelers in the form of a judgment that Contran is not liable for a $350,000 settlement that Travelers has entered into on behalf of, and without the consent of, Contran as its insured, in violation of a Special Accounts Communication Agreement (the "SAC Agreement"), the insurance policy in question, and relevant Texas statutory law.  Travelers has breached the SAC Agreement between Contran and Travelers, the insurance policy in question, and relevant Texas statutory law voiding any obligations that Contran might have for deductible payments to Travelers.

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of corporate citizenship and the amount in controversy, exclusive of interest, exceeds $75,000.

3.     This action properly lies in the Northern District of Texas, *inter alia*, pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this District.  In the alternative, if venue is not proper pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(3) because one defendant is subject to personal jurisdiction at the time the action is commenced, and there is no district in which the action may otherwise be brought.

## III.     THE PARTIES

4.     Plaintiff Contran Corporation is a Delaware corporation with its principal place of business in Dallas, Texas.

5.     Defendants The Travelers Indemnity Company (ND), The Phoenix Insurance Company (PHX), The Charter Oak Fire Insurance Company (COF), The Travelers Indemnity Company of Illinois (TIL), The Travelers Indemnity Company of Connecticut (TCT) f/k/a Travelers Indemnity Company of Rhode Island (TRI), The Travelers Indemnity Company of America, Travelers Indemnity Company, and St. Paul Travelers n/k/a The Travelers Companies, Inc. are insurance companies that are parties to an insurance contract with Contran where at least one of them is registered to do business in Dallas County, Texas.

### IV.    BACKGROUND

6.     Contran was indirectly the former owner of a golf course located on St. Thomas, U.S. Virgin Islands, known as the Mahogany Run Golf Course (the "Golf Course").

7.     On or about August 21, 1997, Yoshimi Ohye was riding in a golf cart at the Golf Course when the golf cart she was a passenger in was involved in an accident caused by her then-fiancé, Edward Whalen.

8.     Yoshimi Ohye filed a lawsuit captioned *Yoshimi Ohye vs. Contran Resorts, Inc. et al.* TCVI/STT Civil No. 1999-521, in the Territorial Court of the Virgin Islands, Division of St. Thomas and St. John (the "*Ohye* Litigation"), for alleged personal injuries she allegedly sustained at the Golf Course.

### V.    CAUSES OF ACTION

**A.    Count One (Declaratory Relief)**

9.     Paragraphs 1 through 8 are incorporated by reference as if fully set forth herein.

10.     For the period January 1, 1997 through January 1, 1998, Contran purchased general liability insurance through Travelers under Commercial General Liability Insurance Policy No. TC2J-GLSA-266T7349-TIL-97, with a $1 million deductible.

11.     Contran and Travelers agreed in writing to the SAC Agreement that governed communications between Contran and Travelers with regard to Insurance Policy No. TC2J-GLSA-266T7349-TIL-97.

12.     The SAC Agreement provided as follows:

> *Pre Settlement Review (LR)* – Prior to settling a claim, a detailed case analysis on each proposed settlement of $10,000.00 or more should be sent to Toni Green by Email.  If you can not reach concensus with the customer, contact the CAE for direction.

13.     Pursuant to the SAC Agreement, prior to settling a claim, Travelers was required to prepare a detailed case analysis and submit this detailed case analysis to Contran's representative, Toni Green, via email, to achieve consensus.

14.     Without preparing a detailed case analysis or submitting a detailed case analysis to Contran's representative, Toni Green, via email, to achieve consensus, representatives of Travelers authorized Mr. James L. Hymes, III, Esq., the attorney hired by Travelers to represent Contran's affiliate, Contran Resorts, Inc., in the *Ohye* Litigation, to settle same for $350,000.00.

15.     In authorizing this settlement, Travelers failed to follow the SAC Agreement in obtaining pre-settlement authority from Contran through its representative, Toni Green, or any other authorized representative.

16.     Upon information and belief, and without approval from Contran or its representative, Travelers has now paid $350,000.00 to settle the *Ohye* Litigation.

17.     Contran was not made aware of the $350,000.00 settlement until after Travelers directed Mr. Hymes to settle the case and had agreed to fund the $350,000.00 settlement.

18.     As a result of failing to follow the SAC Agreement, Travelers has breached its contract with Contran and voided any right to a repayment of any deductible amounts.

19.     In a letter dated April 23, 2008, Travelers notified Contran that it intended to sue Contran for all monies it believed Contran owes to Travelers for the *Ohye* Litigation.

20.     There is an actual controversy between Contran on the one hand and Travelers on the other hand as to the liability and responsibility for the $350,000.00 settlement that Travelers authorized with regard to the *Ohye* Litigation without the knowledge or consent of Contran.

21.     The controversy between Contran and Travelers is substantial due to the amount of the settlement, $350,000.00, and the demand by Travelers for $350,000.00.

22.     A declaratory judgment is necessary to avoid a multiplicity of actions in the future arising from Travelers' $350,000.00 settlement with regard to the *Ohye* Litigation without the consent of Contran.

23.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Contran is entitled to a judicial declaration that Travelers is liable for the $350,000 settlement that relates to the *Ohye* Litigation, and that Contran has no liability for such amount.

**B.     Count Two (Breach of Contract)**

24.     Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

25.     For the period January 1, 1997 through January 1, 1998, Contran purchased general liability insurance through Travelers under Commercial General Liability Insurance Policy No. TC2J-GLSA-266T7349-TIL-97, with a $1 million deductible.

26.     Contran and Travelers agreed in writing to the SAC Agreement that governed communications between Contran and Travelers with regard to Insurance Policy No. TC2J-GLSA-266T7349-TIL-97.

27.     The SAC Agreement provided as follows:

> *Pre Settlement Review (LR)* – Prior to settling a claim, a detailed case analysis on each proposed settlement of $10,000.00 or more should be sent to Toni Green by

Email. If you can not reach concensus with the customer, contact the CAE for direction.

28.     Pursuant to the SAC Agreement, prior to settling a claim, Travelers was required to prepare a detailed case analysis and submit this detailed case analysis to Contran's representative, Toni Green, via email, to achieve consensus.

29.     Without preparing a detailed case analysis or submitting a detailed case analysis to Contran's representative, Toni Green, via email, to achieve consensus, representatives of Travelers authorized Mr. James L. Hymes, III, Esq., the attorney hired by Travelers to represent Contran's affiliate, Contran Resorts, Inc., in the *Ohye* Litigation, to settle same for $350,000.00.

30.     In authorizing this settlement, Travelers failed to follow the SAC Agreement in obtaining pre-settlement authority from Contran through its representative, Toni Green, or any other authorized representative.

31.     Upon information and belief, and without approval from Contran or its representative, Travelers has now paid $350,000.00 to settle the *Ohye* Litigation.

32.     Contran was not made aware of the $350,000.00 settlement until after Travelers directed Mr. Hymes to settle the case and had agreed to fund the $350,000.00 settlement.

33.     'In addition, under the conditions of the general liability insurance policy, Travelers was required to provide written notice to Contran within ten (10) days of an initial offer to compromise or settle a claim and written notice of the settlement not later than thirty (30) days after the date of the settlement, as follows:

The following is added to the DUTIES Condition.

We will notify the first Named Insured in writing of:

1.     An initial offer to compromise or settle a claim made or "suit" brought against any insured under this coverage.  The notice will be given not later than the 10th day after the date on which the offer is made.

2.      Any settlement of a claim made or "suit" brought against the insured under this coverage.  The notice will be given not later than the 30th day after the date of the settlement.

34.      Travelers failed to provide written notice to Contran within ten (10) days of the offer to settle the claim in violation of the general liability insurance policy.

35.      Travelers failed to provide written notice to Contran within thirty (30) days of the settlement of the claim in violation of the general liability insurance policy.

36.      As a result of failing to meet the conditions of the SAC Agreement and the general liability insurance policy, Travelers has not met a condition precedent and voided or is otherwise not entitled to any right to a repayment of any deductible amounts.

C.      **Count Three (Violation of Texas Insurance Code)**

37.      Paragraphs 1 through 36 are incorporated by reference as if fully set forth herein.

38.      Section 542.153 of the Texas Insurance Code required Travelers to provide written notice to Contran within ten (10) days of an initial offer to settle a claim against a named insured and provide written notice within thirty (30) days of a settlement of a claim, as follows:

§ 542.153.  NOTICE REQUIRED.  (a) Not later than the 10th day after the date an initial offer to settle a claim against a name insured under a casualty insurance policy issued to the insured is made, the insurer shall notify the insured in writing of the offer.

(b)  Not later than the 30th day after the date a claim against a named insured under a casualty insurance policy issued to the insured is settled, the insurer shall notify the insured in writing of the settlement.

39.      Travelers violated Section 542.153 of the Texas Insurance Code by failing to: 1) provide written notice to Contran within ten (10) days of the initial offer to settle the claim; and 2) provide written notice within thirty (30) days of the settlement of the claim.

40.      Travelers' failure to provide such required notice voided any obligation on the part of Contran to pay any deductible amount.

**D.**    **Count Four (Breach of Duty of Good Faith and Fair Dealing)**

41.    Paragraphs 1 through 40 are incorporated by reference as if fully set forth herein.

42.    Under the contracts that Travelers entered into with Contran, Travelers had a duty of good faith and fair dealing. The duty of good faith and fair dealing that Travelers owed Contran under the insurance policy was heightened with regard to the *Ohye* Litigation because there was never any risk that Travelers would be spending its own money in light of the $1 million deductible. Travelers' failure to notify Contran of its settlement of the *Ohye* Litigation without the consent of Contran is a breach of the duty of good faith and fair dealing.

**E.**    **Count Five (Attorneys Fees)**

43.    Paragraphs 1 through 42 are incorporated by reference as if fully set forth herein.

44.    Contran also seeks recovery of its attorney fees and all costs for which recovery is statutorily permitted under TEX. CIV. PRAC. & REM. CODE § 38.001, 28 U.S.C. § 2202, and the Texas Insurance Code.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1.    A declaratory judgment against Travelers finding that Contran has no responsibility for the $350,000.00 settlement that Travelers paid in the *Ohye* Litigation plus all costs, attorneys fees, expenses and interest;

2.    Such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this ___ day of July, 2008.

**Richard A. Sayles**
State Bar No. 17697500
**E. Sawyer Neely**
State Bar No. 24041574
**SAYLES | WERBNER**
*A Professional Corporation*
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270
(214) 939-8700
(214) 939-8787 Facsimile

*Counsel for Contran Corporation*

OF COUNSEL:

Joel L. Herz
LAW OFFICES OF JOEL L. HERZ
La Paloma Corporate Center
3573 E. Sunrise Dr., Suite 215
Tucson, Arizona  85718-3206
(520)529-8080 -- Telephone
(520)529-8077 -- Facsimile

JS 44 (Rev. 12/07)

**CIVIL COVER SHEET** 3-08CV1149-K

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Contran Corporation, a Delaware corporation | THE TRAVELERS INDEMNITY COMPANY (ND), a corporation; THE PHOENIX INSURANCE COMPANY (PHX) |

**(b)** County of Residence of First Listed Plaintiff    Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Delaware
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
JUL - 8 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard A. Sayles, Sayles|Werbner, PC
1201 Elm St., Ste. 4400, Dallas, TX 75270, (214)939-8700

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. § 2201

Brief description of cause:
Insurance company settled case without approval of insured and violated contract between them

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 350,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE
07/08/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____